# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CR-391 CAS |
| ) | |
| SHAWNTELLE FISHER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Modify Sentence. In the motion, defendant asks the Court to credit her with four months of time served in federal custody prior to sentencing. Defendant states that the United States Bureau of Prisons has told her she is not entitled to credit because she was being held on a writ from the Missouri Department of Corrections, but asks the Court to reduce her sentence based on educational and other rehabilitative endeavors she has undertaken since the date of sentencing on March 26, 2009.

The government responds that the motion must be denied because more than seven days has elapsed since the entry of judgment, and the Court therefore lacks jurisdiction under Rule 35(a), Federal Rules of Criminal Procedure, to modify defendant's sentence. The government further submits that the "Bureau of Prisons is best suited to determining how to recognize defendant's achievements while she has been incarcerated." Gov't Response at 2. The government does not respond to defendant's motion to the extent it asks the Court to credit her for time served.

The Court interprets defendant's motion as seeking a credit for time served or, in the alternative, for a modification of the sentence, and will address each aspect of the motion separately.

**Credit for Time Served**

Pursuant to 18 U.S.C. § 3585(b), a defendant is entitled to credit toward the service of her term of imprisonment for any time she spent in official detention prior to the commencement of her sentence, with certain restrictions. The Court lacks jurisdiction to address defendant's motion to the extent it is brought under 18 U.S.C. § 3585, as questions concerning credit for time served pursuant

to § 3585 are exclusively within the jurisdiction of the United States Bureau of Prisons. The Attorney General of the United States, acting through the Bureau of Prisons, must make initial sentence credit decisions under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333-34 (1992); United States v. Iversen, 90 F.3d 1340, 1344-45 (8th Cir. 1996). The Bureau of Prisons, not the district court, determines the credit for time served. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

A claim for time served must first be presented to the Bureau of Prisons. Pardue, 363 F.3d at 699. Administrative procedures exist within the Bureau of Prisons to review its alleged failure to credit the time Fisher has served. Id. A habeas action under 28 U.S.C. § 2241 is the proper way to challenge a failure to credit a defendant for time served in pretrial detention, but such an action can be brought only after administrative remedies have been exhausted by first presenting the claim to the Bureau of Prisons. United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000). Further, any such action must be filed in the judicial district of incarceration against the inmate's custodian, not in the district of sentencing. See Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); Copley v. Keohane, 150 F.3d 827, 830 (8th Cir. 1998). The docket indicates that defendant is incarcerated in Waseca, Minnesota.

Therefore, this Court lacks jurisdiction over defendant's motion to the extent it seeks credit for time served, and it should be denied without prejudice.

**Motion to Modify Sentence**

The Court now considers defendant's motion to the extent it asks the Court to modify her sentence. A validly imposed sentence such as defendant's can only be modified under limited circumstances, none of which are applicable to the present case. Defendant has not cited any legal authority giving this Court the power or authority to modify the sentence imposed in this case. A district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582. United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (quoting 18 U.S.C. § 3582(c) ("'The court may not modify a term of imprisonment once it has been imposed except under specified circumstances.'").

Subsection (b) of 18 U.S.C. § 3582 limits the Court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. First, the Court can modify a judgment (1) upon a motion of the Director of the Bureau of Prisons for statutorily-specified reasons, (2) upon the motion of the government for substantial assistance, or (3) upon a motion of the defendant or the Bureau of Prisons, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. 18 U.S.C. § 3582(b)(1), (c)(1)(A), (c)(1)(B), (c)(2); see also Fed. R. Crim. P. 35(b). Second, the Court can correct a judgment as permitted (1) upon a motion to correct clear error, or (2) upon appeal of the sentence as provided for by 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(2), 3742; see also Fed. R. Crim. P. 35(a). Third, the Court can modify a judgment that was appealed if the sentence was found to be outside of the United States Sentencing Guidelines range, as provided for in 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(3), 3742. Defendant's motion to modify or reduce sentence does not allege that any of these circumstances apply, and therefore the Court lacks jurisdiction to modify defendant's sentence under § 3582.

Nor can defendant's motion be considered under Rule 35(a) of the Federal Rules of Criminal Procedure. Rule 35(a) provides, "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Once the seven day period ends, a court lacks jurisdiction to correct even a legally erroneous sentence. See Austin, 217 F.3d at 597 (discussing former Rule 35(c)). More than seven days has passed since defendant was sentenced, and therefore the Court lacks jurisdiction to modify her sentence under Rule 35(a).

Rule 35(b) of the Federal Rules of Criminal Procedure provides that a court may reduce a sentence on motion of the government based on a defendant's substantial assistance in the investigation or prosecution of another person. Rule 35(b) does not apply here, as the government has not filed a motion and defendant does not allege that she offered substantial assistance.

The Court cannot modify defendant's sentence because it lacks the jurisdiction to do so, and therefore the motion to modify sentence should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion, construed as a motion seeking credit for time served under 18 U.S.C. § 3585, is **DENIED** without prejudice, for lack of jurisdiction. [Doc. 68]

**IT IS FURTHER ORDERED** that defendant's motion to modify sentence, construed as a motion under 18 U.S.C. § 3582 or Rule 35, Fed. R. Crim P., is **DENIED** without prejudice, for lack of jurisdiction. [Doc. 68]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of September, 2009.